UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| STEPHEN E. BYRNE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 08-102-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| WOOD, HERRON & EVANS, LLP, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiff's motion to remand this action to the Kenton Circuit Court for lack of subject matter jurisdiction. [Record No. 7] Because the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338, the motion will be denied.

**I.   Background**

Plaintiff Stephen E. Byrne ("Byrne") initially filed this action on May 15, 2008, against Defendants Wood, Herron & Evans, LLP, David S. Stallard, Kevin T. Rooney, Theodore R. Remakous, P. Andrew Blatt, Wayne L. Jacobs, Philip Taliaferro, and Taliaferro, Shirooni, Carran & Keys, PLLC (collectively, the "Defendants") alleging negligence and legal malpractice in connection with their representation of Byrne's business and "the creation, development and marketing of a lawn care device." [Record No. 1, Att. 1, pp.1-7] In his Complaint, Byrne asserts that he has incurred "financial losses, including but not necessarily limited to lost licensing fees and royalties, and the payment of unnecessary attorney fees " as a result of the Defendants'

conduct. [*Id*. at p. 8]  He seeks compensatory and punitive damages, including pre-and post-judgment interest, costs, and reasonable attorney fees. [*Id*.]

On May 30, 2008, the Defendants removed the action to this Court alleging patent question jurisdiction under the provisions of 28 U.S.C. § 1338(a).  [Record No. 1]  In support of their removal, the Defendants contend that this legal malpractice action will require resolution of at least one substantial question of federal patent law under the United States Court of Appeals for the Federal Circuit's recent decisions in *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007), and *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 504 F.3d 1262 (Fed. Cir. 2007).   In particular, the Defendants allege that Byrne's claims arise out of the Defendants' representation of Byrne in a patent infringement suit against Black & Decker involving a grass and weed trimmer.  *See Byrne v. Black & Decker Corp.*, No. 2:04cv262-WOB (E.D. Ky.).  In that action, United States Senior District Judge William O. Bertelsman entered summary judgment of non-infringement in favor of Black & Decker.  The Federal Circuit affirmed this decision on appeal, albeit for different reasons.

In his motion to remand, Byrne contends that his well-pleaded Complaint does not establish patent jurisdiction because it "does not allege any substantial federal question." [Record No. 7, p. 6]  Further, Byrne contends the Federal Circuit's rulings in *Immunocept* and *Air Measurement Technologies* are distinguishable because the underlying patent infringement suit in the present case has already been finally adjudicated.

**II.     Jurisdiction**

Title 28 of the United States Code, Section 1338, provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." 28 U.S.C. § 1338 (2008). In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), the Supreme Court held that § 1338 jurisdiction extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id*. at 808-09. This two-part test requires a determination of whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005).

In determining whether patent jurisdiction exists in a given case, the Supreme Court has instructed that "arising under" jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Christianson*, 486 U.S. at 309 (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "Thus, a case raising a federal patent-law defense does

not, for that reason alone, 'arise under' patent law, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" *Id*. (quoting *Franchise Tax Bd. of Cal.*, 463 U.S. at 14).

### III.  Discussion

In the present case, Byrne's well-pleaded complaint alleges negligence and legal malpractice in connection with the Defendants' representation "in matters arising out of the Plaintiff's business" and "the creation, development and marketing of a lawn care device." [Record No. 1, Att. 1, p.7]  Byrne asserts that he has incurred "financial losses, including but not necessarily limited to lost licensing fees and royalties, and the payment of unnecessary attorney fees " as a result of the Defendants' conduct.  [*Id*. at p. 8]

In *Air Measurement Techonologies, Inc.*, the Federal Circuit addressed the question of patent jurisdiction in the context of a legal malpractice case and held that it had jurisdiction because "the patent infringement question is a necessary element of AMT's malpractice claim and raises a substantial, contested question of patent law." *Air Measurement Technologies, Inc.*, 504 F.3d at 1265.  The plaintiff in that case alleged that its counsel had committed numerous errors in the representation of several patent infringement cases before the Western District of Texas and that it was forced to settle the litigation far below the fair market value of the patents due to the attorneys' mistakes.  *Id*. at 1266.  In analyzing the jurisdictional question, the Court looked to the elements of a legal malpractice claim under Texas state law and noted that the plaintiff had to prove that it would have prevailed but for the attorneys' negligence, commonly known as the "case within a case" requirement.  *Id*. at 1269.

The court reasoned that "[b]ecause the underlying suit here is a patent infringement action against SCBA defendants, the district court will have to adjudicate, hypothetically, the merits of the infringement claim." *Id*. Further, "[b]ecause proof of patent infringement is necessary to show AMT would have prevailed in the prior litigation, patent infringement is a 'necessary element' of AMT's malpractice claim and therefore apparently presents a substantial question of patent law." *Id*. The Federal Circuit concluded that,

> [i]ndeed, we would consider it illogical for the Western District of Texas to have jurisdiction under § 1338 to hear the underlying infringement suit and for us then to determine that the same court does not have jurisdiction under § 1338 to hear the same substantial question in the 'case within a case' context of the state malpractice claim.

*Id*. at 1269.

Similarly, in *Immunocept, LLC v. Fulbright & Jaworski*, the Federal Circuit held that it also had jurisdiction over "a legal malpractice based on alleged errors in patent prosecution." *Immunocept*, 504 F.3d at 1282. In that case, the plaintiff alleged attorney malpractice as a result of "a claim drafting mistake that provided inadequate patent protection and could allow competitors to copy the claimed methods without infringing the '418 patent by simply adding another element."[1] *Id*. at 1285. The plaintiff never brought an underlying suit for patent

---

[1] Although the well-pleaded complaint rule restricts the analysis to the allegations contained in the Plaintiff's Complaint, the Court notes that the theory presented in *Immunocept* appears to be very similar to Byrne's theory in the present case: "whether Defendant lawyers made mistakes as a result of negligence during patent prosecution which caused the loss of Byrne's patent infringement case." [Record No. 14, p. 7] More specifically, Byrne asserts that "the Defendant lawyers should have achieved a better patent," that they "failed to timely establish that the flail of the Black & Decker product, as it wobbled, in fact touched the guide from time to time, thereby stabilizing the flail," and that "had the litigation been handled properly, there would have been infringement." [Record No. 7, pp. 12-13]

infringement because the patent allegedly suffered from a fatal flaw due to the attorneys' drafting mistake.

Relying on its prior ruling in *Air Measurement Technologies, Inc.*, the Federal Circuit re-affirmed its holding that, "where patent infringement is a necessary element of a legal malpractice claim stemming from prior litigation, there is § 1338 jurisdiction." *Id*. Additionally, the court noted that "[b]ecause it is the sole basis of negligence, the claim drafting error is a necessary element of the malpractice cause of action." *Id*. And "[b]ecause patent claim scope defines the scope of patent prosecution, we surely consider claim scope to be a substantial question of patent law." *Id*. The court concluded that, "[a]s a determination of patent infringement serves as the basis for § 1338 jurisdiction over related state law claims, so does a determination of claim scope. After all, claim scope is the first step of a patent infringement analysis." *Id*. at 1286. However, the court ultimately held that the plaintiff's legal malpractice claim was barred by the statute of limitations.

While recognizing the Federal Circuit's rulings in *Air Measurement* and *Immunocept*, Byrne contends that this case is more analogous to the Middle District of Florida's recent ruling in *Porta Stor, Inc. v. PODS, Inc.*, 2008 U.S. Dist LEXIS 22449 (M.D. Fl Mar 21, 2008). According to Byrne, both *Porta Stor* and the present case involve underlying patent infringement suits that have already been decided on the merits and, therefore, the Federal Circuit's analysis in *Air Measurement* and *Immunocept* is distinguishable. Essentially, Byrne contends that the "case within a case" has already been decided and that there is no dispute as to whether the patent was infringed. [Record No. 14, p.3]

However, Byrne's argument appears to misconstrue the basic principles of a legal malpractice claim. The issue is not the ultimate resolution in the underlying case, but whether that resolution would have been different but for the attorneys' malpractice. If this Court were bound by the previous finding that the patent was not infringed in considering the hypothetical case within a case, Byrne would not have any chance of success on his legal malpractice claims. As in *Immunocept*, this Court must determine whether the alleged errors in patent prosecution resulted in the Plaintiff's loss of his potential royalties and licensing fees, regardless of its previous final decision that the patent in question was not infringed.

Moreover, the court's analysis in *Porta Stor* is inapplicable to the current case because that court did not consider the issue of the "case within a case" because the plaintiff did not allege legal malpractice. Instead, the plaintiff's theory was based on bad faith and misrepresentation *by the opposing side*. In *Porta Stor*, PODS alleged patent infringement and successfully obtained a temporary restraining order. *Porta Stor*, 2008 U.S. Dist. LEXIS, at *6. However, the Federal Circuit ultimately disagreed with the district court's claim construction and reversed the finding of patent infringement. Porta Stor then filed a bad faith claim under Florida law in connection with PODS' conduct in obtaining the preliminary injunction. Because the Federal Circuit had already decided the patent had not been infringed, the only issue remaining in dispute was whether PODS knew or should have known of the falsity of the representations made to the court to obtain the temporary restraining order and whether those representations were made in bad faith. Therefore, the court was simply required to determine whether the opposing side acted wrongfully and in bad faith in seeking the temporary injunction.

In the present case, however, the elements of a legal malpractice claim under Kentucky law do require the Court to determine whether Byrne's patent infringement claim (the basis for his alleged lost royalties and licensing fees) would have been resolved differently but for the Defendants' conduct. To succeed on a claim for legal malpractice under Kentucky law, a plaintiff must prove

> 1) that there was an employment relationship with the defendant/attorney; 2) that the attorney neglected his duty to exercise the ordinary care of a reasonably competent attorney acting in the same or similar circumstances; and (3) that the attorney's negligence was the proximate cause of damage to the client. Based on these factors, a legal malpractice case is the "suit within a suit." To prove that the negligence of the attorney caused the plaintiff harm, the plaintiff must show that he/she would have fared better in the underlying claim; that is, but for the attorney's negligence, the plaintiff would have been more likely successful.

*Marrs v. Kelly*, 95 S.W.3d 856, 860 (Ky. 2003) (internal citations and footnotes omitted).

Therefore, in this case, Byrne must prove that his patent infringement suit against Black & Decker would have been successful but for the Defendants' alleged negligence. Further, Byrne's well-pleaded Complaint and the "loss of royalties and licensing fees" alleged therein clearly necessitate an evaluation of the underlying patent infringement suit to determine whether the Defendants acted negligently. Contrary to Byrne's argument, this Court fails to see any meaningful distinction between the hypothetical adjudication of a patent infringement suit that has not been decided (as in *Air Measurement Technologies, Inc.*) and a hypothetical adjudication of how a patent infringement suit should have been decided but for the attorneys' negligence (as in the present case). As the Federal Circuit noted in *Air Measurement Technologies*, it would be "illogical" for a district court to have jurisdiction under § 1338 to hear the underlying infringement suit, but not have jurisdiction "under § 1338 to hear the same substantial patent

-8-

question in the 'case within a case' context of a state malpractice claim." *Air Measurement Technologies, Inc.*, 504 F.3d at 1269.

### IV. Conclusion

Accordingly, in light of the Federal Circuit's recent rulings in *Air Measurement Technologies* and *Immunocept*, this Court finds that it has jurisdiction under § 1338 to adjudicate the state legal malpractice action in connection with the patent infringement suit that was previously before this Court. Therefore, it is hereby

**ORDERED** that Plaintiff Stephen E. Byrne's motion to remand [Record No. 7] is **DENIED**.

This 13th day of August, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge