UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| STEPHEN E. BYRNE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 08-102-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WOOD, HERRON & EVANS, LLP, et al., | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Plaintiff Stephen E. Byrne ("Byrne") moves the Court for leave to file a First Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("Rule 15(a)(2)). [Record No. 48] The First Amended Complaint would delete Taliaferro, Shirooni, Carran, and Keyes PLLC, Philip Taliaferro, III, and Wayne Jacobs as Defendants in this matter. In addition, the First Amended complaint would add a new negligence count against the remaining Defendants, Wood, Herron & Evans LLP and the individually-named attorneys (collectively, "WHE") arising out of the same underlying litigation. [Record No. 1–2] WHE does not object to the deletion of parties from the Complaint, but does oppose the motion for leave to file an amended complaint. [Record No. 55] WHE asserts that this motion is not made in good faith, but rather is a "last-ditch effort to avoid summary judgment." Further, WHE contends that the proposed amended complaint is futile, because it could not survive a motion to dismiss. [*Id.* at 4–5]

-1-

For the reasons discussed below, the Court will grant the motion for leave to file an amended complaint.

## I.     Background

Byrne originally retained WHE in 1990 to provide legal services, advice, and representation in matters arising out of Byrne's creation, development, and marketing of a lawn care device.   [Record No. 1, Ex. A, p. 7]  During the course of this representation, WHE prosecuted a patent infringement case[1] on Byrne's behalf in which Defendant Black & Decker was granted summary judgment of non-infringement by the district court.[2]  This holding was later affirmed by the Federal Circuit.[3]  Following the loss at the appellate level, Byrne filed a complaint alleging malpractice against WHE in Kenton County Circuit Court.  [Record No. 1, Ex. A]  WHE removed the matter to federal court pursuant to 28 U.S.C. § 1338(a) (patent question jurisdiction).  Subsequently, this Court denied Byrne's motion to remand.  [Record Nos. 1 and 15]

On October 20, 2008, WHE filed its Rule 26(f) Report in which it requested that "this Court postpone the entry of a Scheduling Order and further discovery and permit the Defendants

---

[1]     The general nature of Byrne's patent infringement claim was that Black & Decker weed trimmers improperly used Byrne's patented design for a combined guide and guard for a flexible trimmer.

[2]     Judge Bertelsman relied on the dictionary definition of "surface" and concluded that the Black & Decker wire edge guide did not have a "surface." Therefore, it was not within the claim limitations of Byrne's patent. *Byrne v. Black & Decker Corp.*, 2006 U.S. Dist. LEXIS 24104 (E.D. Ky. Apr. 27, 2006).

[3]     On appeal, the Federal Circuit held that Judge Bertelsman erred in relying on the dictionary definition of the word "surface" rather than giving the term its "ordinary and customary meaning."  However, upon examination of the evidence, the Federal Circuit concluded that Judge Bertelsman's grant of summary judgment was appropriate. *Byrne v. Black & Decker Corp.*, 235 Fed. App'x 741 (Fed. Cir. May 21, 2007) (unpublished).

to file a Motion for Summary Judgment on what they submit is a conclusive legal bar to Plaintiff's claims." [Record No. 26, p. 2]  On November 10, 2008, this Court ordered a 60-day stay on discovery requests (other than requests for interrogatories and admissions) and granted WHE 30 days in which to file their motion for summary judgment. [Record No. 39]  The Court subsequently extended the deadline for submitting the motion for summary judgment until December 22, 2008. [Record No. 44]  WHE filed this motion with the Court on the deadline date. [Record No. 45]

On January 9, 2009, Byrne filed his motion for leave to file an amended complaint. [Record No. 48] Other than the deletion of several parties, the proposed amended complaint serves two purposes.  First, it clarifies Byrne's original negligence/legal malpractice claim that "[a]s a direct and proximate result of the negligence and/or gross negligence of the Defendants, the Plaintiff failed to win a judgment in his patent infringement case against Black & Decker." [Record No. 48, Ex. A, p. 7]  Second, the proposed amended complaint adds an alternative negligence/legal malpractice claim that "[t]he Defendants breached their duty by failing to properly advise Byrne and failing to inform him, prior to or during the Black & Decker litigation, that given '815 reissue patent claims and patent history, his claim could not succeed."  Under this alternative theory, Byrne's claims that WHE's negligence and/or gross negligence resulted in him spending at least $120,000 in fees and costs to pursue a suit that could not be won. [*Id.*, p. 8]

In response, WHE argues that the motion should be denied because: (1) Byrne is attempting to impermissibly use a motion for leave to amend the complaint as a procedural tactic

-3-

to defeat the pending motion for summary judgment; and (2) Byrne's new theory does not state a case of professional negligence and thus would not survive a motion to dismiss. [Record No. 55, pp. 4–5]

In his reply, Byrne argues that this motion for leave to amend was not made in bad faith. He contends that he "thoroughly explored the critical question whether the Black & Decker case was winnable at all in light of the arguments Defendants were making as early as their Report to the Court of October 20, 2008 and at the Scheduling Conference on Nov. [10], 2008." [Record No. 63, p. 3] Byrne claims that it was not until early December 2008 that he determined his case was likely unwinnable. This determination then resulted in this motion for leave to file an amended complaint containing the alternative theory of negligence/legal malpractice. [*Id.* at 4] He also argues that granting the motion for leave is appropriate even in light of the fact that there is a pending motion for summary judgment, because granting this motion would not result in prejudice to the Defendants or undue delay. [*Id.* at 7]

## II.    Standard of Review[4]

A motion to amend filed after responsive pleadings have been served is governed by Rule 15(a)(2). Although Rule 15(a)(2) states that a Court "should freely give leave when justice so requires," the Sixth Circuit has cautioned that the right to amend is not absolute or automatic. FED. R. CIV. P. 15(a)(2); *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008) (citations omitted). District courts should consider a number of factors when determining

---

[4]    Consideration of a motion to amend is a procedural question. Therefore, even though the Court's jurisdiction is based on federal patent law, the motion to amend is reviewed under Sixth Circuit case law, and not that of the Federal Circuit. *See Net Moneyin, Inc. v. Verisign, Inc.*, 545 F.3d 1359, 1365 (Fed. Cir. 2008).

whether to grant a motion to amend under Rule 15(a)(2) including, "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Pittman v. Franklin*, 282 Fed. App'x 418, 425 (6th Cir. Jun. 24 2008) (unpublished) (citing *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001); *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998); *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

### III.    Analysis

Of the factors described in *Forman*, WHE contends that Byrne's motion to amend should be denied because it was made in bad faith and, in the alternative, because the proposed amendment is futile.  For the reasons stated below, holds the Court disagrees with these assertions.

### A.    Bad Faith

The basis for WHE's assertion that this motion is made is bad faith is that Byrne was on notice as early as October 20, 2008, that WHE intended to file a motion for summary judgment. However, Byrne waited until the summary judgment motion had already been filed before filing the instant motion.  WHE contends that "[i]t is fundamental that a motion for leave to amend the complaint may not be used as a tactic to defeat a motion for summary judgment on the original complaint." [*Id.*, p. 4]  Indeed, WHE accuses Byrne of filing this motion as a "last-ditched effort to avoid summary judgment," and that this constitutes bad faith under *Forman v. Davis*.  [*Id.*] WHE cites two cases in support of the argument that filing a motion for leave to amend while

-5-

a motion for summary judgment is pending constitutes bad faith – *Corning v. Nat'l Union Fire Ins.*, 257 F.3d 484 (6th Cir. 2001), and *Sixbey v. Norfolk & W.Ry. Co.*, 1988 U.S. Dist. LEXIS 17986 (W.D. Mich. Apr. 4, 1988).

In *Corning*, the Sixth Circuit held that the district court properly denied the defendant's motion to file an amended answer and counterclaim because the motion was made three years after the original answer. The court also concluded that Corning would have been "prejudiced by having these amendments suddenly appear when it was preparing to litigate the remaining issues by motion for summary judgment, and National Union failed to act with due diligence." *Corning* 257 F.3d at 496–97. Similarly in *Sixbey*, the plaintiff filed a motion to amend his complaint "several months after the close of discovery, only weeks before trial, and only after the Defendant filed its motion for Summary Judgment." *Sixbey*, 1988 US. Dist. LEXIS 17986 at *8–9. The district court found that the motion appeared to be a "last-ditched effort to avoid summary judgment," and denied the motion because the plaintiff's substantial delay in filing the motion would result in unduly prejudicing the Defendant. *Id.* at 9.

WHE also asserts that other courts have held that, where the plaintiff files a motion to amend after the defendant has moved for summary judgment, the motion to amend will not be granted unless the party seeking the amendment can show that the proposed amendment has "substantial merit" by coming forward with "substantial and convincing evidence" supporting the newly asserted claim. *See Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979); *Carey v. Beans*, 500 F.Supp. 580, 582 (E.D. Pa. 1980).

The Court finds the above-cited cases to be distinguishable in light of the facts relevant to the motion before the Court. Under *Corning* and *Sixby*, it was not the fact that a motion for summary judgment was already pending, but because the motion to amend was made at a very late stage of litigation that caused the district court to deny the motion. Here, the motion to amend is being made at an early stage in the litigation. Further, minimal discovery has been conducted. In addition, *Verhein* does not stand for the principle that heightened standards apply when evaluating a motion to amend filed while a motion for summary judgment is pending. Instead, the Seventh Circuit explicitly stated that:

> A party is free to move for leave to amend, even after a motion for summary judgment has been made by the opposing party, and the *ordinary standards* of [Fed. R. Civ. P. 15(a)] apply to the court's determination whether to allow amendment, *i.e.*, "leave shall be freely given when justice so requires."

*Verhein*, 598 F.2d at 1063 (emphasis added).

Finally, even though *Carey* does suggest that there may be a heightened standard for motions to amend made after the filing of a motion for summary judgment, the facts in *Carey* distinguish it from the current case. As was the case in *Corning* and *Sixby*, the motion in *Carey* was filed late in the litigation. Under the circumstances presented here, the merely filing a motion to amend while a motion for summary judgment is pending does not necessarily constitute bad faith.

## B.     Futility

WHE also asserts that Byrne's motion should be denied because the proposed amendment is futile. In support, it contends that:

> The record in this case shows that there were two constructions of the term "generally planar surface" – one submitted by Byrne and one submitted by Black & Decker.  Claim construction is a question of law.  The fact that the Federal Circuit chose Black & Decker's construction rather than Byrne's does not state a case of professional negligence.  If that were the case, every claim construction case decided on summary judgment or by the Federal Circuit would be subject to a negligence claim because there is always a winner and a loser on claim construction which is determinative of the infringement claim.

[Record No. 55, p. 5]  WHE further notes that neither Judge Bertelsman nor the Federal Circuit found Byrne's construction to be frivolous and, therefore, WHE could not have been negligent in pursuing this matter on Byrne's behalf.

In response, Byrne argues that WHE mischaracterizes his allegations.  He alleges that, unknown to him at the time, his appeal to the Federal Circuit was in fact frivolous because the interpretation WHE argued for at the appellate level had been surrendered during the patent prosecution in order to differentiate the '815 Patent from the Bartholomew Patent.  It was the failure to advise him of this surrender, and that his appeal could not succeed, that Byrnes claims was the negligent act that resulted in his injury.

The Sixth Circuit recognizes that a motion to amend may be denied where the amendment would be futile.  *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).  An amendment of a complaint is considered futile when the proposed amendment would not permit the complaint to survive a motion to dismiss.  *Id.* (citation omitted).[5]  To survive a 12(b)(6) motion, the proposed complaint need only allege facts which, if proved, would entitle Byrne to relief.  *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006).  This is a liberal pleading

---

[5]       The Court presumes that WHE is referring to FED. R. CIV. P. 12(b)(6), failure to state a claim upon which relief can be granted.

-8-

standard, and the Court construes the complaint in a light most favorable to the plaintiff.  *Id.* However, more than bare assertions of legal conclusions are required.  Rather, the complaint must contain direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.  *Id.* (citing *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005).

To state a claim for negligence under Kentucky law, the claimant must allege: (1) the existence of a duty; (2) the breach of that duty; and (3) consequent injury.  *See Grubbs v. Barbourville Family Health Ctr., P.S.C.*, 120 S.W.3d 682, 687 (Ky. 2003).  Since the attorney client-relationship is fiduciary in nature, an attorney owes the client a duty to act with "the most scrupulous honor, good faith and fidelity."  *Kuhlman Elec. Co. v. Chappel*, 2005 Ky. App. LEXIS 252, *16 (Ky. App. Dec. 2, 2005) (citing *Daugherty v. Runner*, 581 S.W.2d 12, 16 (Ky. App. 1978)).  Byrne contends that WHE breached these fiduciary duties "by failing to properly advise Byrne and failing to inform him, prior to or during the Black & Decker litigation, that given the '815 reissue patent claims and the patent history, his claims could not succeed." [Record No. 48-2, p. 8]  Byrne then alleges that it was this breach that caused his injury – the useless expenditure of at least $120,000 in fees and costs to pursue the Black & Decker suit. [*Id.*]

After review of the proposed amended complaint, the Court believes that it could survive a 12(b)(6) motion to dismiss.  The proposed amended complaint alleges facts, which if proved, establish the existence of fiduciary duties, a breach of these duties, and causation.  Therefore, the Court will not deny Byrne's motion on the grounds that the proposed amendment is futile.

**V.      Conclusion**

It is hereby

 **ORDERED** that Plaintiff Stephen E. Byrne's motion for leave to file a First Amended

Complaint [Record No. 48] is **GRANTED**.

This 10th day of March, 2009.



Signed By:

*Danny C. Reeves*

United States District Judge