UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| STEVEN E. BYRNE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 08-102-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WOOD, HERRON & EVANS, LLP, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Steven E. Byrne has moved for reconsideration of the Court's Memorandum Opinion and Order issued July 30, 2009, granting partial summary judgment in favor of Defendants Wood, Herron & Evans, LLP and several individually-named patent attorneys (collectively, the Defendants) and Defendants' motion to strike portions of an affidavit by William David Kiesel. [Record No. 77]  Byrne also seeks to supplement the record of the summary judgment motion. [Record No. 78]  For the reasons set forth below, Byrne's motions will be granted.

By Memorandum Opinion and Order dated July 30, 2009, the Court granted partial summary judgment in favor of Defendants.[1]  Defendants' motion to strike portions of William David Kiesel's affidavit [Record No. 58] was also granted to the extent the affidavit contained

---

[1] While Defendants' motion for summary judgment [Record No. 45] was pending, Byrne sought, and was granted, leave to file his First Amended Complaint, which added a second claim of legal malpractice against Defendants. [*See* Record Nos. 48, 68, 69]  As a result, Defendants' motion was construed as a motion for partial summary judgment.  [*See* Record No. 75, p. 1 n.1]

-1-

proposed expert testimony regarding negligence in the patent application process.[2] [Record No. 75] Thereafter, Byrne filed his Motion to Reconsider the Court's Memorandum Opinion and Order of July 30, 2009 [Record No. 77]. By separate motion, Byrne requests that he be allowed to supplement the summary judgment record with an additional affidavit from Mr. Kiesel (hereafter, the Supplemental Affidavit) to correct the deficiencies found in the original affidavit (hereafter, the Kiesel Affidavit). [Record No. 78] Defendants do not oppose the addition of the Supplemental Affidavit to the record. [Record No. 84]

The Court's Order granting partial summary judgment in favor of Defendants was an interlocutory order. *See* Fed. R. Civ. P. 54(b). Although motions to reconsider interlocutory orders are not expressly contemplated by the Federal Rules of Civil Procedure, the Sixth Circuit has held that district courts have discretion to reconsider such orders under the common law and Rule 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (unpublished) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Reconsideration is appropriate when there has been a change in controlling law since the decision was made; when new evidence has become available; or when it is necessary "to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). Reconsideration is not required, however, when the movant simply wishes to present evidence that was available prior to the court's decision but was not raised. *See id.*; *see also Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003) (unpublished) ("Motions to reconsider must rely on new evidence and not information

---

[2] In the same Memorandum Opinion and Order, the Court denied as moot Defendants' motion to strike portions of Plaintiff Steven Byrne's affidavit [Record No. 57]. [Record No. 75, p. 11]

readily available during the prior proceedings."); *Owensboro Grain Co. v. AUI Contracting, LLC*, No. 4:08CV-94-JHM, 2009 U.S. Dist. LEXIS 18025, at *6 (W.D. Ky. Mar. 10, 2009) ("A motion to reconsider under Rule 54(b) . . . may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought." (ellipsis in original) (quotations omitted)).

Byrne's motion to reconsider is predicated on the addition to the summary judgment record of the Supplemental Affidavit, which contains information that was available to Byrne while the summary judgment motion was pending and thus does not constitute new evidence. However, the Court need not decide whether the Supplemental Affidavit must be considered in order "to correct a clear error or prevent manifest injustice," *Rodriguez*, 89 F. App'x at 959, because Defendants do not object to adding the Supplemental Affidavit to the record. [Record No. 84, p. 1] The Court, therefore, will consider the Supplemental Affidavit.

The Court previously found that the Kiesel Affidavit was insufficient to qualify Kiesel as an expert regarding the standard of care in the patent application process. [Record No. 75] Because expert testimony is required to establish the standard of care in a malpractice case, the Court granted Defendants' summary judgment motion based on this finding. [*See id.* and cases cited therein.] In his Supplemental Affidavit, Kiesel states that in addition to his extensive experience as a patent attorney, he has "testified in substantial detail regarding the standard of care for an attorney during a patent prosecution" during a 1999 trial in a Colorado state district court. [Record No. 78-2, p. 2] He also states that he has "previously opined in affidavits submitted in support of Motions for Summary Judgment or Markman Hearings on the standard

of care in pursuing a patent application and legal malpractice." [*Id.*, p. 3] It appears from the Supplemental Affidavit that Kiesel's firsthand experience with the patent application process and his experience giving expert opinions in other cases *may* qualify him to opine regarding the standard of care in the patent application process. The Court's ruling on Defendants' summary judgment motion [Record No. 45], as well as Defendants' motions to strike [Record Nos. 57, 58], therefore, will be vacated and reconsidered. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff's Motion to Reconsider the Court's Memorandum Opinion and Order of July 30, 2009 [Record No. 77] is **GRANTED**.

(2) The Court's Memorandum Opinion and Order of July 30, 2009 [Record No. 77] is **VACATED**.

(3) The Court will reconsider Defendants' Motion for Summary Judgment [Record No. 45]; Defendants' Motion to Strike Portions of the Affidavit of Steven Byrne in Support of Plaintiff Byrne's Memorandum in Opposition to Defendants' Motion for Summary Judgment [Record No. 57]; and Defendants' Motion to Strike Portions of the Affidavit of William David Kiesel in Support of Plaintiff Byrne's Memorandum in Opposition to Defendants' Motion for Summary Judgment [Record No. 58].

(4) Plaintiff's Motion to Supplement the Record of Summary Judgment Motion [Record No. 78] is **GRANTED**.

(5) The Supplemental Affidavit of William David Kiesel [Record No. 78-2] shall be **FILED** in the record.

This 16th day of December, 2009.

